Bill of exception No. 11 relates to the motion for a new trial, and has been considered already.

We find no reversible errors in the trial of the case.

The conviction and sentence are therefore affirmed.

O'NIELL, C. J., dissents from the ruling on bills 4, 5, 8, 9, and 10.

---

**(111 So. 490)**

**No. 28293.**

**HUGHES, Sheriff and Tax Collector, v. COMMERCIAL SECURITIES CO.**

**(Jan. 31, 1927.)**

*(Syllabus by Editorial Staff.)*

Licenses ⚌11(1)—License tax on businesses whose gross annual receipts were same as earnings did not apply to company dealing in stocks and notes (Act No. 205 of 1924, § 25).

Under Act No. 205 of 1924, § 25, providing license tax for businesses based on gross annual receipts, referring only to businesses whose gross receipts are same as gross annual earnings, omnibus clause similarly grading businesses not mentioned applies only to those whose earnings are same as receipts and must be so construed with reference to company engaged in buying and selling stocks and notes.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Action by T. R. Hughes, Sheriff and Tax Collector, against the Commercial Securities Company. Judgment for defendant, and plaintiff appeals. Affirmed.

W. M. Phillips, of Shreveport, for appellant.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellee.

O'NIELL, C. J. The tax collector has appealed from a judgment rejecting his demand for additional license taxes for the years 1925 and 1926. The defendant is what is commonly called a finance company, engaged in the business of buying and selling stocks, bonds and promissory notes, and especially discounting notes secured by chattel mortgages. The company paid a license tax of $200 for the year 1925 and $360 for the year 1926. The tax collector claims that the license tax should have been ten times the amount that was paid for each year. The case depends upon the meaning of the term "gross annual receipts," used as the basis for classifying or grading the license tax, in the twenty-fifth section of the Act 205 of 1924, pp. 373, 375. The question is whether "gross annual receipts" means gross annual earnings of interest and discounts or gross annual proceeds of all stocks, bonds and notes sold and resold by the company. The company's business is not specifically provided for in the license law, but is covered by the omnibus clause at the end of the twenty-fifth section of the Act 205 of 1924. The section reads as follows:

"That every individual, firm, association or corporation carrying on the profession or business of keeping cabs; carriages, hacks, horses, or motor vehicles for hire, undertaker, funeral director, agency for steamboats or steamships and owners or lessees of toll bridges or ferries, stevedores, and those engaged in the business or profession of bill posting, tacking or advertising, the license shall be based upon the gross annual receipts from such profession or business, and shall be fixed and graded as follows, to wit: [Then follows the classification, commencing with the class where the gross annual receipts are $1,000,000 or more, for which the license tax is $4,000, and ending with the thirty-fourth class, where the gross annual receipts are less than $750, for which the license tax is $5].

"That any other business not provided for in this act, and not otherwise provided for by separate law, except manufacturing, shall be graded the same as above set forth, and shall pay a license as fixed in this section."

We observe that all of the professions or businesses specifically provided for in the twenty-fifth section of the act are of the kind

or class in which "the gross annual receipts from such profession or business" are the gross annual earnings. None of the professions or businesses specified is one in which anything is bought and sold, or in which the gross annual receipts could ever be anything more than the gross annual earnings—without deduction of the ordinary expenses of the profession or business. We agree with the district judge that the term "gross annual receipts from such profession or business" must have the same application to a profession or business provided for only in the omnibus clause as it has to the professions and businesses specifically provided for in the twenty-fifth section of the act; that is to say, it means the gross annual earnings or revenues from the business. If this omnibus clause were in a section grading the license tax on wholesale or retail dealers, where the rate on the gross sales or receipts is very much lower than it is on the gross annual receipts from the professions or businesses provided for in the twenty-fifth section, the argument for the appellant would be more plausible.

The judgment is affirmed.