(113 So. 355)

No. 28327.

**STATE v. JEFFERSON FINANCE CO., Inc.**

May 23, 1927.

*(Syllabus by Editorial Staff.)*

1. Licenses &#x21B7;7(1)—License tax on finance or security company's business, based on gross earnings of interest and discounts, held not unconstitutional as tax on loans (Act No. 233 of 1920, § 26; Act No. 205 of 1924, § 25; Act No. 221 of 1926; Const. art. 10, § 4).

License tax on finance or security company's business, under Act No. 233 of 1920, § 26, Act No. 205 of 1924, § 25, Act No. 221 of 1926, based on gross annual earnings of interest and discounts on notes bought and sold, *held* not property tax on notes themselves or on mortgages or obligations represented thereby which are exempted from taxation by Const. art. 10, § 4.

2. Banks and banking &#x21B7;2—Business of discounting and collecting promissory notes without receiving money on deposit constituted company finance and securities company, not bank (Act No. 233 of 1920, § 26; Act No. 205 of 1924, § 25; Act No. 221 of 1926).

Business of discounting and collecting promissory notes secured by chattel mortgages on automobiles, where unaccompanied by receiving money on deposit or carrying savings accounts, constituted company finance or securities company business under Act No. 233 of 1920, § 26, Act No. 205 of 1924, § 25, Act No. 221 of 1926, not bank.

3. Licenses &#x21B7;30 — Annual license tax on finance or securities company must be determined by gross annual earnings of interest and discounts (Act No. 233 of 1920, § 26; Act No. 205 of 1924, § 25; Act No. 221 of 1926).

License tax on finance and securities company under Act No. 233 of 1920, § 26, Act No. 205 of 1924, § 25, Act No. 221 of 1926, was required to be based on gross annual earnings of interest and discounts, and could not be determined from amount of promissory notes discounted during each year, in proceedings against company engaged in discounting and collecting promissory notes secured by chattel mortgages on automobiles.

Appeal from Twenty-Fourth Judicial District Court, Parish of Jefferson; L. Robert Rivarde, Judge.

Suit by the State against the Jefferson Finance Company, Inc. Judgment for plaintiff, and defendant appeals. Judgment annulled, and case remanded, with instructions.

Andrew H. Thalheim, of Gretna, for appellant.

Charles J. Larkin, Jr., of New Orleans, for appellee.

O'NIELL, C. J. The tax collector has sued for license taxes alleged to be due by the defendant for the years 1924, 1925, and 1926, for carrying on the business of discounting and collecting promissory notes secured by chattel mortgages on automobiles. The defendant pleaded, first, that by section 4 of article 10 of the Constitution the company's business was exempted from license taxation; and, second, that, if the business was subject to such taxation, it should be classified as that of a bank. The court gave judgment against the company, based upon the amount of the notes discounted during each of the three years. The defendant has appealed.

[1] There is no merit in either of appellant's pleas. Section 4 of article 10 of the Constitution exempts from ad valorem taxation "loans or other obligations secured by mortgage on property located exclusively in the state of Louisiana, and the notes or other evidence thereof." The exemption of the loans themselves, and of the notes or other evidences thereof, from ad valorem taxation on the loans or notes, as property, does not also exempt a person or firm or corporation dealing in such loans or notes from license taxation for the privilege of carrying on the business. The decisions cited by the learned counsel for appellant are not at all pertinent, viz. Citizens' Bank of Louisiana v. Parker, Tax Collector, 192 U. S. 73, 24 S. Ct. 181, 48 L. Ed. 346; Gulf & Ship Island R. Co. v. Hewes, Tax Collector, 183 U. S. 66, 22 S. Ct. 26, 46 L. Ed. 86; Wilmington & Welson R.

Co. v. Reid, Tax Collector, 80 U. S. (13 Wall.) 264, 20 L. Ed. 568; Worth v. Wilmington & W. R. Co., 89 N. C. 291, 45 Am. Rep. 679; Illinois Central R. Co. v. Emmerson, 299 Ill. 328, 132 N. E. 471. In each of those cases the corporation itself, by special legislation, was exempted from taxation; and the ruling in each case was merely that the exemption extended to license taxation, taxation of the corporation's franchise, etc., as well as to ad valorem taxation. A license tax on a finance or securities company's business, based upon its gross annual earnings of interest and discounts on the notes that it buys and sells, is not a property tax on the notes themselves, or on the loans or obligations represented by the notes.

[2, 3] The defendant's business is not that of a bank. The company does not receive money on deposit, carry savings accounts, or conduct a business like that of a bank. The business is properly classified as that of the so-called finance or securities companies which were licensed under the omnibus clause in the twenty-sixth section of the Act 233 of 1920, and in the twenty-fifth section of the Act 205 of 1924, until the adoption of the Act 221 of 1926, p. 356, levying a license tax on such companies, "commonly known as finance or securities companies." Hughes, Tax Collector, v. Commercial Securities Co., and Hughes, Tax Collector, v. Federal Securities Co., 163 La. 43, 111 So. 490. According to those decisions, the license tax in this case should have been based, not on the amount of the promissory notes discounted during each year, but on the gross annual earnings of interest and discounts. In that respect the judgment appealed from is wrong. The case therefore must be remanded for proof of the amount of the appellant's gross earnings for each year, and to fix the amount of the license tax accordingly.

The judgment appealed from is annulled, and the case is ordered remanded, with instructions to determine the amount of the defendant's gross earnings for each year, and to fix the license tax accordingly.