## STATE OF LOUISIANA v. AMERICAN BREWING CO.

(Jan. 16, 1928. Opinion and Decree.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Licenses—Par. 6, 10, 16.**

Under Section 11 of Act 171 of 1898, as amended by Act 265 of 1914, providing for license of brewing companies, the "gross annual receipts" do not include amounts temporarily paid on bottles and subsequently refunded to the purchasers where the evidence shows that the company was legally obligated to refund the amount when bottles were returned.

Appeal from Civil District Court, Div. "C". Hon. E. K. Skinner, Judge.

Action by State of Louisiana against American Brewing Co.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

E. M. Heath, of New Orleans, attorney for plaintiff, appellee.

Lemle, Moreno & Lemle, of New Orleans, attorneys for defendant, appellant.

JONES, J. In this proceeding, the State seeks to recover from the American Brewing Company the sum of Eight Hundred Seventy-five Dollars ($875.00) additional license (it having paid $375.00) for the manufacture and sale of beer for the year 1919, with 2% per month interest thereon from March 1st, 1919, 10% attorney's fees and costs. Judgment was rendered in favor of the State for two hundred and forty

dollars ($240.00) with 2% interest thereon from March 1st, 1919, 10% attorney's fees and costs. From this judgment defendant appeals. No amendment of the judgment has been asked for by the appellee.

The controlling Act 265 of 1914 amending Section 11 of Act 171 of 1898 reads, in part, as follows:

"Section 11. Be it further enacted, etc., that for carrying on each business of * * * and rectifying alcohol or malt liquor, brewing ale, beer, porter, or other malt liquors * * * the license shall be based on the gross annual receipts, * * * as follows:

"* * * Twelfth Class: When said annual receipts are one hundred and fifty thousand ($150,000.00) Dollars or more and less than two hundred thousand ($200,000.00) Dollars, the license shall be three hundred and seventy-five ($375.00) dollars."

The gross sales of plaintiff for 1919 were $604,673.98, of which $286,694.45 were export business, thus leaving a balance of $317,979.53.

The Judge a quo held that a license tax was due on the balance of sales, or $317,979.53, and that, therefore, a license should have been paid under the Tenth Class of Act 265 of 1914, or $625.00, and that after deducting the amount paid, $375.00, there was a balance due of $240.00 (should be $250.00), for which he rendered judgment. The defendant claims that in order to reach the actual gross receipts, upon which, under Act 265 of 1914, the payment of licenses is based, the following items should have been deducted, viz:

First. Bottles returned _____$121,142.39
Second. Commissions paid on
    sales of beer _____ 9,155.99
Third. Rebate allowed customers   5,289.00
Fourth. Sales of beverages_____ 51,141.30

     Total_____$186,728.68

Mr. Boulet, Secretary and Treasurer of the American Brewing Company, on page three of his evidence, testified as follows:

"We do not sell the bottles. The price of a case of beer is $1.50 for two dozen bottles but we require the party to pay 25c per dozen bottles at the time of delivery (to insure the return of the bottles) and when they return the bottles we give them the money or give them credit for the amount, as the case may be."

"Q. The price of a case of beer is only $1.50?
"A. That is the net price of the beer.
"Q. What you actually received?
"A. Yes, sir.
"Q. Each dozen bottles is charged at the time to the party purchasing the beer and when they return the bottles they are given the money back or a credit for the empty bottles.
"A. Yes, sir."
And, again, on page 2:
"Q. How many bottles were returned that were included in your gross sales?
"A. $121,142.39."

Under the circumstances, we think the $121,142.39 should not be included in annual receipts. The amounts temporarily deposited for bottles were only left with defendant pending return of bottles and the defendant was legally obligated to return the deposit whenever bottles were returned. These monies were, therefore, temporary deposits and the narrow, literal interpretation of the statute as claimed by the state would impose an unfair burden on a legitimate business.

Suppose the beer had been billed at $1.50 per case of two dozen bottles, instead of $2.00 per case, and a separate memorandum kept of the bottles which were to be returned, it is certain the bottles returned would not be taken into consideration in ascertaining the gross receipts for 1919. Their return would merely have been noted on the memorandum and this would have been the last of it. The fact that the value of the bottles was agreed

upon, which was to be paid in the event the bottles were not returned, and to be cancelled if returned, cannot possibly by any process of reasoning convert the mere charges made to insure the return of the bottles into receipts. This view is supported by the decision of the Supreme Court in the case of Hughes vs. Commercial Securities Co., 163 La. 43, where the court held that "gross annual receipts" in the case of finance and loan companies meant gross annual earnings.

If the $121,142.39 of bottles returned is deducted from the balance, $317,979.53, as found by the Court the remainder would be $196,837.14, which would bring the American Brewing Company within the class provided for by Section 12 of Act 265 of 1914, which requires a payment of $375.00, which amount it had actually paid and it is unnecessary to discuss the other deductions.

For above reasons the judgment is reversed and it is now ordered, adjudged and decreed that the suit be dismissed.