O’NIELL, O. J.
 

 This is a mandamus proceeding to compel the tax collector for the parish of Caddo to accept from the relator, W. Murray Werner, $30 in full payment of the license tax due by him, for conducting the business of a building contractor during this year. The $30 was tendered on the 7th of February, together with a sworn statement, as required by the 32d section of Act 205 of 1924, p. 379, of the business done by Werner during the preceding year. The gross amount of receipts of the business done, or contracts performed, during the year 1929, was $332,801, and the gross amount of earnings or profits of the • business was $30,294.02.
 

 The license tax levied “on the profession or business of contractor” is provided for in the 24th section of Act 205 of 1924, p. 372, and is graded according to “the gross annual receipts of said business.” Werner contends that “gross annual receipts” means gross annual earnings or profits, and that his business is therefore within the “Seventh Class,” where the gross annual receipts are $25,000 or more and less than $50,000, and for which business the annual license tax is $30. The tax collector contends that “gross annual receipts” means the gross amount of receipts from the business done or contracts performed by the contractor, and that Werner’s business is therefore within the “Fourth Class,” where the gross annual receipts are $300,000 or more, and less than $500,000, and for which business the annual license tax is $150. The district judge decided in favor of Werner, on the authority of Hughes, Tax Collector, v. Commercial Securities Co., 163 La. 43, 111 So. 490. The tax collector has appealed from the decision.
 

 In the case of Hughes, Tax Collector, v. Commercial Securities Co., and in the companion case of Hughes, Tax Collector, v. Federal Securities Co., 163 La. 45, 111 So. 490, it was held that the expression “gross annual receipts,” as used in the 25th section
 
 *850
 
 of this statute, meant gross annual earnings; hut the reason for the ruling was that the court was then dealing with a business which was provided for, not specifically, but only in the omnibus clause, in the 25th section of the statute, declaring that any other business, not provided for specifically in the act or by any other law, except manufacturing, should be graded the same as the businesses or professions provided for specifically in the 25th section, and that the license tax on any such other business should be the same as was levied on the businesses or professions, specifically mentioned in the 25th section; and every one of the businesses or professions specifically provided for in that section was of such a character that the gross annual rer ceipts were, essentially, nothing more than the gross annual earnings of the business or profession, viz: Operating cabs, carriages, or motor vehicles for hire, the business of undertaker or funeral director, steamship agent, owner or lessee of a toll bridge or ferry, stevedore, and bill poster. In a business or occupation of that character the gross annual receipts are the gross annual earnings, because nothing is bought or sold; hence the basis on which the tax is computed is comparatively small, and the rate is proportionately higher than it is on a business like that of a dealer in merchandise, where (according to sections 7 and 8) the license tax is computed on the gross sales. That is why it was said in the concluding paragraph of the opinion in Hughes, Tax Collector, v. Commercial Securities Co., that, if the omnibus clause, which the court was construing, were at the end of the section grading the license tax on wholesale or retail dealers, where the rate on the gross sales or receipts is very much lower than it is on the gross annual receipts from the professions or businesses provided for in the 25th section, the argument for the tax collector would be more plausible.
 

 At the end of the 24th section of this statute — the section levying and grading the license tax “on the profession or business of contractor,” — is the proviso “that every individual, firm, company or corporation carrying on the profession Or business of master builder or mechanic, who employs assistance where building is done for others on a cost-plus basis, commission or percentage plan, shall .pay a license based upon the
 
 annual earnings
 
 from such business, which license shall be fixed and graded as provided in Section 5 of this Act for those carrying on a commission or brokerage business.” We have italicized the words “annual earnings” to .note the distinction between the license tax levied on the business of a builder who works on a cost-plus or commission basis and the business of a contractor who furnishes the labor and materials and depends upon making a profit out of his “gross receipts.” On the business or profession of a builder working on a cost-plus or commission basis, where the license is based upon the “annual earnings,” the rate (according to the 5th section of the statute) is high, being $30 where the gross annual commissions are (in the 22d class) less than $5,000; whereas, on the business of a contractor who furnishes the labor and materials and depends upon the “gross receipts” for his profits — like the business of Werner — where the license is based upon the gross annual receipts, the rate is comparatively low — being only $30 when the gross annual receipts are (in the 7th class) between '$25,000 and $50,000, and being only $150 when the gross annual receipts are (in the 4th class) between $300,000 and $500,000. If Werner conducted his business “on a cost-plus basis, or commission or percentage plan,” earning, as he does, from $30,000 to
 
 *852
 
 $10,000 annually, his license (in the 16th class in section 5) would cost $275.
 

 Our conclusion is that the Legislature used the expressions “gross annual receipts” and “gross earnings” discriminately in the 24th section of Act 205 of 1924, and that the license tax on the relator’s business is based upon the gross annual receipts, and not upon .the gross earnings, and is therefore $150, as claimed by the tax collector.
 

 According to the 41st section of the statute, the relator owes interest at the rate of 2 per cent, per month from the 1st day of March on the unpaid sum of $120, and, according to the 39th section, he owes 10 per cent, upon the $120 and interest, for the tax cpllector’s attorney’s fee.
 

 The judgment appealed from is annulled,, and it is ordered, adjudged, and decreed that the tax collector recover of and from the relator a license tax of $150 for conducting the business of contractor during the year 1930, and interest at the rate of 2 per cent, per month on $120 from the 1st day of March, 1930, and 10 per cent, on the $120 and interest, for the tax collector’s attorney’s fee, and .the costs of this suit.